CHARLES WILSON ADSM. HANNAH MOORE, EXECUTRIX.

In Case.

1. Where bills of exceptions have been fraudulently obtained, or sealed irregularly, improvidently or in clear violation of a plain rule of law, the court, to which the writ of error has been returned, will quash them.

2. Where the judge who tried the cause refuses to seal the bill of exceptions, the court sitting in error cannot compel him to do so.

3. The case of *Agnew* v. *Campbell's Administrators*, 2 *Harr.* 291, examined and approved.

This was a motion to quash or dismiss several bills of exceptions in this case, as having been improvidently sealed. The facts of the case, as disclosed by the affidavits read, appear in the opinion of this court, delivered by the Chief Justice.

*P. D. Vroom,* in support of the motion, read affidavits.

*H. W. Green* and *W. L. Dayton,* contra.

HORNBLOWER, C. J.   We do not intend to depart from or in

any way unsettle the rule laid down in the case of *Agnew* v. *Campbell's Admrs.* in 2 *Harr.* 291 ; and we think we do not interfere with that rule when we deny this motion.   The language of the court in that case is, " that a bill of exceptions must be drawn up and sealed at the trial : if that is not done, the attorneys must rely on their agreements with each other ; and no bill shall afterwards be sealed without their mutual consent, *unless settled by the judges who tried the cause* in pursuance of an agreement of the parties, made at the trial, in open court, to that effect."

This rule is prescribed for the government of the court before which the cause is tried : or at least, its principal application is to that court : for although where a bill has been fraudulently obtained, or irregularly and improvidently sealed, as had been done in the case of *Agnew* v. *Campbell*, the court to which the writ of error has been returned, will quash the bill : yet where the judge who tried the cause, refuses to seal the bill, this court, sitting here, in error, cannot compel him to do so.   In such case the injured party must be left to seek his remedy in some other way.

Hence it necessarily appears, that the question whether a bill ought or not to be sealed, under any peculiar circumstances, is referable entirely in the first instance, to the judge before whom the cause was tried.   If he refuses to sign the bill, we cannot compel him to do so : and if he does sign it, we ought not to interfere, unless the judge has been deceived, or has clearly signed the bill in violation of the plain rule of law.   Has he done so in this case ?   Upon the affidavits which have been read, we cannot say he has.   The substance of the rule laid down by this court, in *Agnew* v. *Campbell*, is this : First, that the bill ought to be sealed at the trial : Second, if not so done, it may be done any time afterwards by the mutual consent of the parties ; or thirdly, the judge, who tried the cause may, (without the mutual consent of the parties,) settle the bill, if there was an agreement made at the trial, in open court, that the bill might be prepared and signed after the trial.

That there was an agreement, in this case, made at the trial, in open court, that the bills should be settled and sealed, *after the trial,* is not denied.   On the contrary, it is admitted by both

parties, and so stated by the judge.  That that agreement was made and intended to be carried out by both parties, in good faith ; and that each then supposed himself perfectly understood by the other, there can be no doubt.  Unfortunately however, it turns out, upon the affidavits, that have been read, that the parties misunderstood each other : the plaintiff's counsel, honestly no doubt, understood that the bills were to be prepared and sealed during the term ; and the defendant's counsel, as sincerely understood the time given, was without any such limitation.  What then is to be done in such a case ?  The rule laid down in *Agnew* v. *Campbell*, does not go so far as to say, that if parties make an agreement *in open court*, at the time of the trial, in which they suppose they mutually understand each other, and it afterwards turns out that they misunderstood each other, as to the time within which the bill was to be sealed, that then no bill should be allowed or acted upon.  It would have been very unreasonable if the case had gone so far.  The rule as there laid down, excludes all reliance upon parol agreements, made privately between the parties, either in court or out of court ; but supposes that an agreement made *in open court ;* that is, in the presence of and with the knowledge of the court, may be safely relied upon, as binding between the parties.  If we go further, we must require a written agreement in all cases, in which the bill of exceptions is not prepared and sealed at the trial.  And even written agreements, may be so equivocally drawn, without any intention to deceive, as to mislead a party, and require its construction to be settled by the court.

The judge who signed these bills, most certainly would not have signed them, if there had not been an agreement in his presence, that they might be signed *after the trial ;* and if it had not been for the information he has given us by his deposition made since he signed the bills, we should have felt ourselves concluded by his act.  It appears however, by his deposition, that he understood at the time of the trial, that the bills were to be prepared and signed during the term.  He must then have signed the bills either because he thought it possible that he might have misunderstood the agreement, or to give the defendant's counsel an opportunity of showing before this court, that they had understood it differently.  Now, no one can read the

depositions of the respective attorneys, without being satisfied, that they honestly misapprehended each other as to the extent of the indulgence to be granted for settling the bills. That the defendant's counsel honestly supposed, he was to have a reasonable time to prepare the bills, cannot be doubted; and it is unfortunate, that when he called on the judge the last day of the term and said he had not had time to prepare the bills, the judge did not tell him it would be too late after the term closed. The judge's omission to do so, no doubt confirmed the counsel in his understanding of the agreement. The counsel for the defendant below was undoubtedly misled by the circumstances that transpired: nor was he ever apprised by the judge until September term last, that the plaintiff's counsel objected to his signing the bills. Under the peculiar circumstances of this case we are all of opinion, *that the motion to quash or reject the bills of exception, must be overruled.*

NEVIUS, Justice, gave no opinion.

*Motion overruled.*